**The relief described hereinbelow is SO ORDERED.**

**Signed February 13, 2018.**

_____
Ronald B. King
Chief United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| PETROLEUM TOWERS–COTTER, LLC | § | CASE NO. 18-50197-RBK |
| | § | |
| DEBTOR | § | CHAPTER 11 |

**INTERIM AGREED ORDER ON EMERGENCY MOTION,
PURSUANT TO 11 U.S.C. §363, FOR AUTHORITY TO
USE CASH COLLATERAL IN THE ORDINARY COURSE,
PROVIDE ADEQUATE PROTECTION AND FOR PRELIMINARY HEARING**

On this date, came on for consideration the Debtor's Emergency Motion, pursuant to 11 U.S.C. § 363, for Authority to Use Cash Collateral in the Ordinary Course, Provide Adequate Protection and for Preliminary Hearing (the "Motion"). After considering the Motion, the evidence presented, and the statements and argument of counsel, the Court finds that, on an interim basis, the use of cash collateral is in the best interests of Debtor and its bankruptcy estate and should be approved. Based upon the Certificate of Service attached to the Motion, the Court finds that notice of the Motion was provided to Debtor's alleged secured creditors. The

Court further finds that without interim relief pursuant to Rule 4001(b)(2) of the Federal Rules of Bankruptcy Procedure, Debtor and its estate will be immediately and irreparably harmed.

1. It is therefore, **ORDERED, ADJUDGED and DECREED** that the Debtor is hereby temporarily authorized to use cash collateral to pay ordinary and necessary operating expenses pending the final hearing for the purposes contained in the budget attached hereto as Exhibit "A".

2. It is further, **ORDERED, ADJUDGED and DECREED** that the Debtor may exceed any line item on the budget by 10% so long as it does not exceed the total allowance for cash collateral for the month.

3. It is further, **ORDERED, ADJUDGED and DECREED** that Broadway is authorized to issue checks or other drafts drawn on the lender lockbox account maintained with Broadway National Bank ("Broadway") by bi-monthly transfer to debtor's operating account to cover the amounts authorized herein or as agreed upon by the Debtor and Broadway.

4. It is further, **ORDERED, ADJUDGED and DECREED** that the funds currently held in the lockbox account may be disbursed as follows:

   A. Broadway shall be authoritzed to transfer $60,000.00 from the lockbox account into the Debtor's operating account immediately so that the Debtor can meet its budget for the month of February, 2017;

   B. Broadway shall be authorized to transfer $169,532.85 from the lockbox account into the Debtor's operating account in the month of February, which sum the Debtor shall then remit to Bexar County towards payment of the 2016 ad valorem taxes due on the Petroleum Towers ad valorem tax account(s);

  C. Broadway shall be authorized to remove $89,310.00 from the lockbox account to apply to the Debtor's outstanding notes due and payable to Broadway;

  D. Broadway shall be authorized to transfer $160,000.00 to the Debtor's operating account in the month of March, 2017, so that the Debtor can meet its budget for the month of March, 2017, including the payment of the 2nd draw on the Oracle Elevator contract.

  E. Any further sums contained in the lockbox account can be used only as agreed upon by the Debtor and Broadway through their respective counsel or, failing such agreement, as may be authorized hereafter by order of the Court.

5. It is further, **ORDERED, ADJUDGED and DECREED** that the Debtor and Broadway may agree to additional uses of cash collateral exceeding the items on the attached Exhibit "A" which agreement may be made between counsel in writing via electronic mail.

6. It is further, **ORDERED, ADJUDGED and DECREED** that all parties with an interest in cash collateral are granted a replacement lien to the same extent, priority and validity as their pre-petition liens. #Provided however, notwithstanding any provision of this Interim Order and the Final Order ultimately entered, the ad valorem tax liens currently held by Bexar County shall neither be primed by nor subordinated to any liens granted herein. #As adequate protection for use of cash collateral the Secured Creditor, Broadway, is **GRANTED:**

  (a) Replacement Lien: To the extent the Secured Creditor's cash collateral is used by the Debtor, Secured Creditor shall be granted, effective on and after the date of this Order and nunc pro tune to the Petition Date, a replacement perfected security interest under Section 361(2) of the Bankruptcy Code in any rents, revenues, income, profits, proceeds, accounts receivable, deposit accounts, equipment, furniture, fixtures, goods, vehicles, general intangibles, and cash proceeds thereof, that the Debtor may acquire post-petition, to the extent and with the same priority that the Secured Creditor held in the Debtor's prepetition collateral.

  (b) Statutory Rights Under Section 507(b). To the extent the adequate protection provided for hereby proves insufficient to protect the Secured Creditor's interest in and to the cash collateral, the Secured Creditor shall have a super priority administrative expense

claim, pursuant to Section 507(b) of the Bankruptcy Code, senior to any and all claims against the Debtor under Section 507(a) of the Bankruptcy Code.

(c) Deemed Perfected. The replacement lien and security interest granted herein is automatically deemed perfected upon entry of this Order without the necessity of the Secured Creditor taking possession, filing financing statements, mortgages or other documents. Although not required, upon request by the Secured Creditor, Debtor shall execute and deliver to the Secured Creditor any and all UCC Financing Statements, UCC Continuation Statements, Certificates of Title or other instruments or documents considered by the Secured Creditor to be necessary in order to perfect the security interests and liens in the Debtor's post-petition collateral and proceeds granted by this Order, and the Secured Creditor is authorized to receive, file and record the foregoing at the Secured Creditor's own expense, which actions shall not be deemed a violation of the automatic stay.

7. Documents and Reports to Secured Creditor. IT IS FURTHER ORDERED that Debtor shall furnish to Secured Creditor the following:

a) by no later than the tenth (10th) business day of the following month, a budget to actual reconciliation of the monthly budget based on Exhibit A; and

b) the Debtor shall timely file its Monthly Operating Reports with the Court.

8. Reservation of Secured Creditor's rights.

IT IS FURTHER ORDERED that nothing contained herein shall be deemed or construed to:

a) limit the Secured Creditor to the relief granted herein,

b) limit the Secured Creditor right to object to prior impermissible uses of cash collateral,

c) The rights and obligations of the Debtor and the rights, claims, security interests, liens and claim priorities of Secured Creditor, arising under this Order are in addition to, and not in lieu of or substitution of, the rights, obligations, claims, security interest, liens and priorities granted under the pre-petition Loan Documents between the Debtor and Secured Creditor.

d) bar the Secured Creditor from seeking other and further relief (including without limitation relief from the terms of this Order and motion for relief from stay) for cause shown on appropriate notice to Debtor and other parties-in-interest entitled to notice of same, or

e) require the Secured Creditor to make any further loans or advances to Debtor. The Order may be modified for cause shown by the parties hereto or any other party in interest on

due notice. No such modification, however, shall deprive the Secured Creditor of its respective interests in Debtor's property pre-petition and post-petition.

9. Continuing Jurisdiction. IT IS FURTHER ORDERED that the Court hereby expressly retains jurisdiction over all persons and entities, coextensive with the powers granted to it under the Bankruptcy Code, to enforce the terms of this Order, to adjudicate any and all disputes in connection therewith, and to grant authority to use the cash collateral of Secured Creditor.

10. Non-appealable interim order. IT IS FURTHER ORDERED that, by agreement of the Parties, upon entry of this Order, it shall be a non-appealable interim order by any Party to the agreement.

11. Insurance. IT IS FURTHER ORDERED that the Debtor shall at all times continue to maintain, insure, and otherwise preserve and protect Secured Creditor's collateral in accordance with Secured Creditor's pre-petition Loan Documents.

12. Survival. IT IS FURTHER ORDERED that the terms and provisions of this Order and any actions taken pursuant hereto shall survive entry of any order that may be entered appointing a Chapter 11 Trustee or converting to Chapter 7 or dismissing Debtor's bankruptcy case. The terms and provisions of this Order as well as the priorities in payment, liens, and security interests granted pursuant to this Order shall continue in this or any superseding case of Debtor under the Bankruptcy Code; and such priorities in payment, liens and security interests shall maintain its priority as provided by this Order.

13. Successors and Assigns. IT IS FURTHER ORDERED that the provisions of this Order shall inure to the benefit of Debtor and Secured Creditor, and they shall be binding upon (a) Debtor and its respective successors and assigns, including any trustees or other fiduciaries hereafter appointed as legal representatives of Debtor or with respect to property of the estate of Debtor,

whether under Chapter 11 of the Bankruptcy Code or any subsequent Chapter 7 case, and (b) all creditors of Debtor and other parties in interest. If an order is entered, whether sua sponte by the Court or otherwise, dismissing Debtor's case or converting the case to Chapter 7, such order shall recognize that such dismissal or conversion shall not affect or diminish the Secured Creditor's rights, priorities, liens, or remedies hereunder.

14. Validity of Obligations Incurred. IT IS FURTHER ORDERED that if any or all of the provisions of this Order are hereafter modified, vacated or stayed, such modifications, vacation or stay shall not affect (a) the validity of any obligation, indebtedness or liability incurred by Debtor or Secured Creditor before the effective date of such modification, vacation or stay, or (b) the validity or enforceability of any obligations or indebtedness incurred by Debtor or any security interest, lien, priority or other protection to the extent authorized or created hereby. Notwithstanding any such modification, the rights and remedies of Secured Creditor with respect to actions taken before such modification shall be governed by this Order before giving effect to such modification.

15. It is further, **ORDERED, ADJUDGED and DECREED** that the automatic stay set forth in 11 U.S.C. §362(a) is modified to permit, but not require, Broadway to record the documents incident to a loan modification which were executed by the Debtor's representative in July, 2017.

16. It is further, **ORDERED, ADJUDGED and DECREED** that this order shall be without prejudice to any secured creditor filing a separate motion for adequate protection.

17. It is further, **ORDERED, ADJUDGED and DECREED** that the Court will conduct a final hearing on the Motion on March 22, 2018, at 9:30 a.m. before the United States Bankruptcy Court, Courtroom No. 1, Third Floor, Old Post Office Building, 615 East Houston Street, San Antonio, Texas. Any objections to the relief requested shall be filed on or before 72 hours prior

to the filing hearing and shall be served on the latest version of the Debtor's Master Limited Service List. Debtor shall be responsible for notice of this hearing.

# # #

APPROVED AS TO FORM:

LAW OFFICE OF H. ANTHONY HERVOL
4414 Centerview Dr., Ste. 200
San Antonio, TX 78228
(210) 522-9500
(210) 522-0205 (FAX)

By:__/s/ H. Anthony Hervol_____
    H. Anthony Hervol
    State Bar No. 00784264
    ATTORNEY FOR THE DEBTOR


CLEMENS & SPENCER
112 East Pecan Street, Suite 1300
San Antonio, Texas 78205
Main – (210) 227-7121
Fax – (210) 227-0732

By:___/s/ James A. Hoffman_____
    James A. Hoffman
    STATE BAR NO. 09781725
    ATTORNEY FOR BROADWAY NATIONAL BANK

LINEBARGER, GOGGAN, BLAIR
& SAMPSON, LLP.
711 Navarro, Suite 300
San Antonio, Texas 78205
Telephone: 210-225-6763
Facsimile: 210-225-6410


By:___/s/ Don Stecker_____
    Don Stecker
    State Bar No.: 19095300
    ATTORNEYS FOR BEXAR COUNTY

Exhibit "A"

|  | Budget February | Budget March |
|---|---|---|
| **REVENUE** |  |  |
| Total - Rental Revenue | 249,742 | 245,540 |
| TOTAL INCOME | 249,742 | 245,540 |
|  |  |  |
| **RECOVERABLE EXPENSES** |  |  |
|  |  |  |
| **TAXES & INSURANCE** |  |  |
| Real Estate Tax | 45,854 | 45,855 |
| Insurance |  | 14,015 |
| Property Tax Protest Fees | 0 |  |
| Total - Taxes & Insurance | 45,854 | 59,869 |
|  |  |  |
| **REPAIRS & MAINTENANCE** |  |  |
| Electrical Repairs | 1,000 * | 0 * |
| Fire Protection Repairs | 2,000 * | 2,000 * |
| HVAC Repairs | 5,500 | 0 |
| Minor Tools & Equipment | 0 |  |
| Painting | 0 * |  |
| Plumbing Repairs | 14,000 * | 1,000 * |
| Sprinkler Repairs | 1,000 | 1,000 |
| Water Treatment |  |  |
| Gen Bldg Maintenance | 500 * | 500 * |
| Total - Repairs & Maintenance | 24,000 | 4,500 |
|  |  |  |
| **CLEANING & SUPPLIES** |  |  |
| Building Supplies | 200 * | 200 * |
| Carpet Cleaning | 0 * | 150 * |
| HVAC Supplies | 260 ~ | 260 ~ |
| Janitorial Services | 18,000 ^ | 18,000 ^ |
| Janitorial Supplies | 3,000 ~ | 3,000 ~ |
| Lighing Supplies | 100 * | 100 * |
| Total - Cleaning & Supplies | 21,560 | 21,710 |
|  |  |  |
| **CONTRACT SERVICES** |  |  |
| Elevator Maintenance | 2,841 ^ | 2,841 ^ |
| Exterior Landscaping | 850 ^ | 850 ^ |
| Fire Protection | 1,400 ^ | 1,400 ^ |
| Pest Control | 550 | 550 |
| Security |  | 0 |
| Telephone Emergency Lines | 500 ^ | 500 ^ |
| Trash Removal | 1,200 ^ | 1,200 ^ |
| Water Treatment | 472 ^ | 472 ^ |
| Exterior Lighting | 0 | 0 |
| Total -Contract Services | 7,813 | 7,813 |

Petroleum Towers Budget - FEB and MAR 60 Day Budget          2/6/2018 9:38 AM

|  | Budget February |  | Budget March |  |
|---|---|---|---|---|
| UTILITIES |  |  |  |  |
| Electric | 48,000 | ~ | 48,000 | ~ |
| Water/Sewer- Building | 3,300 | ~ | 3,300 |  |
| Water - Landscaping | 600 | ~ | 600 |  |
| Total - Utilities | 51,900 |  | 51,900 |  |
|  |  |  |  |  |
| SALARIES |  |  |  |  |
| Building Management |  |  | 0 |  |
| Janitorial Employees | 0 |  | 0 |  |
| Maintenance | 10,000 | ~ | 10,000 | ~ |
| Total - Salaries | 10,000 |  | 10,000 |  |
|  |  |  |  |  |
| OTHER RECOVERABLE EXPENSES |  |  |  |  |
| Locks & Keys | 100 | * | 100 | * |
| Miscellaneous Expense | 0 | * | 0 | * |
| Total - Other Recoverable Expenses | 150 |  | 100 |  |
|  |  |  |  |  |
| TOTAL - RECOVERABLE EXPENSES | 161,277 |  | 155,892 |  |
|  |  |  |  |  |
| NON-RECOVERABLE EXPENSES |  |  |  |  |
|  |  |  |  |  |
| ADMINISTRATIVE EXPENSES |  |  |  |  |
| Advertising & Promotion | 0 |  | 0 |  |
| Bank Charges | 500 |  | 500 |  |
| Dues & Subscriptions | 450 | ^ | 450 | ^ |
| Legal Fees - Trustee | 1,625 | ^ | 1,625 | ^ |
| Licenses & Permits | 1,000 | * | 0 | * |
| Office Supplies | 100 | ~ | 100 | ~ |
| Professional Fees | 0 | * | 0 | * |
| Telephone | 650 | ^ | 650 | ^ |
| Travel | 200 | ~ | 200 | ~ |
| Signage | 0 | * | 0 | * |
| Locks & Rekey | 0 | * | 0 | * |
| Tenant Gen. Maintenance | 0 |  | 0 |  |
| Late Fees | 0 | * | 0 | * |
| Bad Debt Expense | 0 |  | 0 |  |
| Total - Administrative Expenses | 4,525 |  | 3,525 |  |
|  |  |  |  |  |
| TOTAL - EXPENSES | 165,802 |  | 159,417 |  |
|  |  |  |  |  |
| EXPENSE CONTINGENCY | 2000 |  | 2000 |  |
|  |  |  |  |  |
| NET OPERATING INCOME | 81,941 |  | 84,122 |  |
|  |  |  |  |  |
| NON OPERATING EXPENSES |  |  |  |  |
| Loan Interest Expense |  |  |  |  |
| Tenant Improvements | 6,234 |  | 1,466 |  |

Petroleum Towers Budget - FEB and MAR 60 Day Budget          2/6/2018 9:38 AM

|  | Budget February | Budget March |
|---|---|---|
| Leasing Commissions | 6,944 | 2,771 |
| Capital Improvements |  | 120,000 |
| Management/Accounting Fees | 0 | 0 |
| Non Operating Expenses | 13,178 | 124,237 |
|  |  |  |
| TOTAL - NON OPERATING INCOME & EXPENSES | -13,178 | -124,237 |
|  |  |  |
| NET INCOME | 68,763 | -40,114 |
|  |  |  |
| * denotes contingency budget item |  |  |
| ~ denotes approximate amount based upon expected consumption of services |  |  |
| ^ denotes contractual amount |  |  |
| @ denotes quote attached |  |  |